**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OFFICER SARAH PRATT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1102 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CITY OF PITTSBURGH, *et al.*, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's Motion (Doc. 1) to seal this case will be denied. Also, Plaintiff will be ordered to show cause why the Complaint should not be entered on the public docket, as filed or after amendment.

Plaintiff is a City of Pittsburgh police officer, and her claims stem from an alleged incident of sexual assault by a fellow officer. *See* Docs. 1 & 2. The Complaint references and attaches a report from the Office of Municipal Investigations ("OMI"). *See* Doc. 1. The report was produced to Plaintiff subject to a state court protective order, prohibiting the report's disclosure to anyone "other than counsel for the parties without further Order of Court." Doc. 1-1 at ¶ 3. Plaintiff submits that sealing is warranted because of the state protective order, and pursuant to this Court's protocols regarding "Highly Sensitive Information" ("HSI"). Doc. 1 at ¶¶ 6, 8.

While the Court has no reason to doubt counsel's intentions, Plaintiff's Motion falls short. As an initial matter, the Court is not convinced that the HSI protocols are implicated. *See* Administrative Order dated Jan. 21, 2021 (21-mc-50) at ¶ 3 ("[m]ost sealed filings in most civil cases" do not contain HSI, and "therefore are presumptively not considered to be HSDs").

Otherwise, the standards governing the sealing of proceedings are exacting:

> The existence of a common law right of access to judicial records is beyond dispute. [The Court of Appeals for the Third Circuit] has made it clear that [the] strong presumption of openness does not permit the routine closing of judicial records to the public. The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. A party who seeks to seal an *entire* record faces an even heavier burden.

Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (emphasis in original, citations and internal quotations omitted); *see also* Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (applying similarly exacting standards regarding a plaintiff's request to proceed anonymously).

Plaintiff's Motion does not meet these high standards, and her request to seal − based on the state protective order − appears a significant overcorrection. Under the notice pleading standards, Plaintiff only is required to provide a short and plain statement of her claims showing entitlement to relief. To the extent that reference to the OMI report is necessary[1], the Court has no reason to believe that the report's contents must be recounted in detail; or that the report must be attached to the Complaint. In short, the Court is unconvinced that Plaintiff must violate the protective order to proceed publicly here.

The Court presently states no opinion regarding: whether a revelation of the OMI report will violate the state protective order[2]; whether this Court is bound by the state court's ruling;

[1] *Cf.* protective order at ¶ 4 ("[a]ny disclosures, documents, email messages, text messages and[/]or []facts received by Plaintiff" prior to the order's effective date are not covered).

[2] *See* discussion *supra* (noting protective order's recognition that disclosure may be allowed by "further Order of Court").

or whether the report, if filed, must be filed under seal.[3]  Indeed, questions as to sealing are better addressed once Defendants have been served, so that their counsel may be heard.

Consistent with the foregoing, Plaintiff's Motion (**Doc. 1**) to proceed under seal is **DENIED**.  Also, Plaintiff hereby is **ORDERED** to show cause why the case should not be unsealed, whether on the current Complaint, or after the filing of an amended complaint consistent with the contents of this Order.

Plaintiff's response deadline is **July 24, 2023**.  By then, Plaintiff shall either file a written response, or file an amended complaint suitable for revelation on the public docket.  Also, absent a showing of good cause, the Court intends to unseal the instant Order once the case is unsealed.  The original Complaint, and attachments, will remain shielded from public view (unless Plaintiff's counsel determines, on further consideration, that the original pleading and attachments properly may be filed on the public docket).[4]

Finally, should Plaintiff fail to timely respond, or should her counsel not convince the Court that proceeding under seal is appropriate, the case may be dismissed pursuant to Rule 41(b).  *Cf.* Megless, 654 F.3d at 411 (affirming dismissal on same grounds, after plaintiff refused compliance with order requiring revelation).

---

[3]  *Compare* Moroughan v. Cnty. of Suffolk, 2021 WL 280053, *4 (E.D.N.Y. Jan. 24, 2021) (declining on summary judgment to seal information "derive[d] from documents and recordings that were part of internal affairs investigations," because "the confidential and internal nature of those materials [did] not outweigh the strong presumption of public access") *with* In re Avandia, 924 F.3d 662 (2019) (outlining rigorous standards applicable in determining whether court filings must be sealed).

[4]  Plaintiff also may request that this case be stayed while she seeks permission or clarification from the state court regarding disclosure of the report here.

IT IS SO ORDERED.

July 10, 2023

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record